UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles McClure, *et al.*,

    Plaintiffs,

v.

Fischer Homes, *et al.*,

    Defendants.

Case No. 1:04cv433

Judge Michael H. Watson

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATIONS

Before the Court is the January 6, 2005 and March 8, 2005 Magistrate Judge's Report and Recommendations (Docs. 30, 40) regarding Defendants Fischer Homes and Towne Properties Asset Management Company's Motion to Dismiss (Doc. 7); Defendant Resource Property Management, Inc.'s Motion to Dismiss (Doc. 8); Plaintiff's Motion for an Injunction and Sanctions against Defendants Fischer Homes, Resource Property Management, and Towne Properties Asset Management Company (Doc. 31); and Plaintiff's Motion for Sanctions against Eric Regula. (Doc. 36)

Plaintiffs claim (1) Defendants conspired to commit criminal fraud in violation of their federal civil rights; (2) Defendants committed harassment, deception, trickery, treachery, bad faith, and discriminatory treatment between one home buyer and another; and (3) misrepresented that the property was new and that their homeowner association fees would not be raised in less than one year.

A.    <u>The Magistrate's Report and Recommendation</u>.

In the January 6, 2005 Report and Recommendations ("R&R"), the Magistrate recommends granting Defendants Fischer Homes and Towne Properties Asset Management Company's Motion to Dismiss and Defendant Resource Property Management, Inc.'s Motion to Dismiss. The Magistrate found that this Court lacks subject matter jurisdiction because complete diversity does not exist between Plaintiffs and all Defendants; no issue of federal law appears on the face of Plaintiffs' Complaint; and Plaintiffs have not stated a claim under 42 U.S.C. § 1983 because they have not alleged any facts which show that any Defendant acted under color of state law.

In the March 8, 2005 R&R, the Magistrate recommends denying Plaintiff's Motion for an Injunction and Sanctions against Defendants Fischer Homes, Resource Property Management, and Towne Properties Asset Management Company and Plaintiff's Motion for Sanctions against Eric Regula.

B.  Objections to the Report and Recommendation.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiffs filed Objections to the R&R. (Docs. 37, 41, 45, 46) Defendants responded to these Objections. (Docs. 38, 43, 47)

Plaintiffs' objections to the R&R are that (1) Defendants cannot show a lack of diversity because "federal court territorial jurisdiction is determined by the Due Process Clause of the Constitution's Fifth Amendment;" (2) Plaintiffs are being denied their right to a jury trial under the Seventh Amendment; and (3) there is diversity between the parties because Defendant Fischer Homes, a Kentucky corporation and Defendant Towne

2

Properties, an Ohio corporation, entered into a transaction together. Plaintiffs call for the resignation of Chief Judge Sandra S. Beckwith, to whom this case was originally assigned; a hearing by a fair visiting judge; and for a local and federal grand jury with a senate investigation into discrimination against *pro se* litigants. Plaintiffs also add new allegations under the Fair Debt Collection Practices Act. Plaintiffs state that they are not alleging that they owe a debt, but cite to the Fair Debt Collection Practice Act to show the illegal and criminal acts of Defendants. Specifically, Plaintiffs allege that Defendants have sent back their check and charged a late fee on the payment. Plaintiffs also allege new facts under their claim under the Federal Trade Commission Act, including the unauthorized cutting of a tree.

Defendants respond that Plaintiffs do not have standing to protest the removal of trees from a common property area owned by the Villas in the Parke Condominium Owners Association as tenants in common. Defendants also state that the trees were removed at the direction of the Association Board of Managers, and not Defendant Regula.

D.   Analysis.

As the United States Supreme Court has explained, complete diversity is a requirement for federal jurisdiction:

> The relevant statute in this case, 28 U.S.C. § 1332(a)(1), confers upon federal courts jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $10,000 . . . and is between . . . citizens of different States." This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be

3

>  available when any plaintiff is a citizen of the same State as any defendant. 
> Cf. Snyder v. Harris, 394 U.S. 332, 338-339, 89 S.Ct. 1053, 1057-1058, 22 
> L.Ed.2d 319.

Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (footnotes omitted). Here, Plaintiffs are residents of Ohio, and Defendant Towne Properties is a Ohio corporation with its principle place of business in Ohio. Therefore, regardless of the transactions between Towne Properties and Fischer Homes, complete diversity does not exist because the Plaintiffs are citizens of Ohio and one of the Defendants, Towne Properties, is a citizen of Ohio. Therefore, this Court does not have jurisdiction under section 1332.

As a general matter, Plaintiffs have a right of trial by jury under the Seventh Amendment. See Curtis v. Loether, 415 U.S. 189, 192-93 (1974). However, Plaintiffs have not shown that this Court has the power to hear this matter. As one court has explained:

> Within the constitutional framework of our governmental system federal courts have but limited jurisdiction. Article III of the Constitution grants the courts power to hear a case only as Congress chooses to confer such power upon them. Thus, federal courts are charged with the Constitutional duty of constant vigilance and conscientious solicitude for the limits of their jurisdiction. It follows that the Court herein may not properly proceed to consider the merits either of plaintiffs' claim or of defendant's defenses until it has disposed of the jurisdictional question.

Breitmeyer v. Califano, 463 F.Supp. 810, 811 (E.D. Mich. 1978); see also Bell v. Hood, 327 U.S. 678, 681 (1946) ("For to that extent 'the party who brings a suit is master to decide what law he will rely upon, and . . . does determine whether he will bring a 'suit arising under' the . . . (Constitution or laws) of the United States by his declaration or bill.'"), quoting, The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913). Because this

4

Court does not have jurisdiction, Plaintiffs are not entitled to have a jury consider the merits of their claims in this Court.

Plaintiffs' argument for the resignation of Chief Judge Sandra S. Beckwith lacks merit. This matter was assigned to the undersigned on October 4, 2004 and is before the Court upon the R&Rs of Magistrate Judge Timothy S. Black. Judge Beckwith has not made any dispositive rulings in this case and Plaintiffs have not presented any basis for her resignation.

Plaintiffs also make a general allegation that there has been discrimination against pro se litigants. The Court does not find any such discrimination in the record. While courts must apply "less stringent standards" in determining whether pro se pleadings state a claim for which relief can be granted, pro se plaintiffs are not automatically entitled to take every case to trial. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996), citing, Estelle v. Gamble, 429 U.S. 97, 106 (1976). The lenient treatment generally accorded to pro se litigants has limits. Id., citing, Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). This Court cannot create jurisdiction over Plaintiffs' claims, regardless of their pro se status.

Plaintiffs now attempt to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiffs' claim under the FDCPA is problematic for two

5

reasons. First, Plaintiffs state that they do not owe a debt, and secondly, Plaintiffs have not shown that any of the Defendants "regularly collect or attempt to collect" debts. Therefore, Plaintiffs have failed to state a claim under FDCPA.

Finally, as stated by the Magistrate in the R&R, a private party may not invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act. *FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458 (6th Cir. 1988), *cert. denied*, 489 U.S. 1015 (1989). The Federal Trade Commission Act may be enforced only by the Federal Trade Commission. *Id.* at 464. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions. *Id.* Therefore, this Court does not have jurisdiction over Plaintiffs' claims under the Federal Trade Commission Act.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants Fischer Homes and Towne Properties Asset Management Company's Motion to Dismiss (Doc. 7) be **GRANTED**;

2. Defendant Resource Property Management, Inc.'s Motion to Dismiss (Doc. 8) be **GRANTED**;

3. Plaintiff's Motion for an Injunction and Sanctions against Defendants Fischer Homes, Resource Property Management, and Towne Properties Asset Management Company (Doc. 31) be **DENIED**;

4. Plaintiff's Motion for Sanctions against Eric Regula (Doc. 36) be **DENIED**; and

5. This case be closed and stricken from the docket of this Court.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court